UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DOGGYPHONE LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>TOMOFUN, LLC; and TOMOFUN CO., LTD.<br><br>                    Defendants. | Civil Action No. 26-cv-243<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br><br>DEMAND FOR JURY TRIAL |

Plaintiff DoggyPhone LLC alleges the following causes of action against Defendants:

## I.    PARTIES

### A.    Plaintiff

1.    Plaintiff DoggyPhone LLC ("DoggyPhone") is a Washington limited liability company having a registered address in Bellevue, Washington.

### B.    Defendants

2.    On information and belief, Tomofun, LLC ("Tomofun LLC") is a California limited liability company with addresses including 3209 134th Ave NE, Bellevue, WA 98005 and 500 Yale Avenue North, Seattle, Washington, 98109. On information and belief, its members include Yo Chen Victor Chang and InnoValue Capital Ltd.

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

3.      On information and belief, Tomofun Co., Ltd. ("Tomofun Co.") is a Taiwanese company with headquarters at 4F., No. 178, Sec. 3, Minquan E. Rd., Songshan Dist., Taipei City.

4.      On information and belief, Tomofun Co. is the Taiwan-based parent operating the Furbo brand globally, and Tomofun LLC acts as its U.S. consignee/importer and commercial arm in the United States, creating a *de facto* parent-subsidiary relationship for purposes of liability. Unless otherwise specified, "Tomofun" refers collectively to both related entities.

## II.      JURISDICTION AND VENUE

5.      This action arises under the patent laws of the United States, including 35 U.S.C. §§ 271 and 281. The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      The Court has personal jurisdiction over Tomofun because, on information and belief, it has made, imported, offered for sale, sold, and/or advertised the accused Furbo devices in this District; has purposefully availed itself of doing business here; and has committed acts of infringement here.

7.      Venue is proper under 28 U.S.C. § 1400(b) because, on information and belief, Tomofun LLC resides in and/or has committed acts of infringement and has a regular and established place of business in this District. Tomofun Co. is a foreign entity that may be sued in any judicial district. See 28 U.S.C. § 1391(c)(3)

## III.      DOGGYPHONE'S PATENT

8.      DoggyPhone owns U.S. Patent No. RE49,696 ("the 696 Patent") titled "Internet Canine Communication Device and Method," reissued on October 17, 2023, to inventor Andrew Peter Davis. A true and correct copy is attached as Exhibit A. DoggyPhone holds all rights, title, and interest in the 696 Patent, including the right to sue and recover for past and ongoing infringement.

COMPLAINT - 2
Civil Action No. 26-cv-243
DAVS-6-1006 P001 CMP

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

9.      In general, the 696 Patent claims systems and methods that enable remote human-pet communication, including treat delivery and audio/video interaction between a base station and a user device. Exemplary images from the 696 patent are shown below, illustrating an internet canine communication device:

 

### IV.     TOMOFUN'S INFRINGEMENT

10.     Tomofun makes, imports, offers to sell, and sells interactive pet camera products in the United States under the Furbo brand, including at least the Furbo Dog Camera devices (the "Accused Products"), an image of which is shown below:



COMPLAINT - 3
Civil Action No. 26-cv-243
DAVS-6-1006 P001 CMP

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

11.     The Accused Products practice each limitation of at least claim 20 of the 696 Patent, either literally or under the doctrine of equivalents.

12.     Tomofun's Accused Products practice the 696 Patent by combining a base station with integrated treat storage and dispensing mechanisms, audio output and camera/microphone inputs, and a microprocessor that coordinates treat dispensing and two-way audio/video communications with a user's mobile application. On information and belief, the microprocessor executes instructions to dispense treats upon user command, emit audio associated with treat delivery, play audio or video received from the user device, and automatically initiate audio and/or video transmission after detecting inputs indicative of pet sounds or actions. An exemplary, non-exhaustive mapping of claim 20 to the Accused Products is provided in Exhibit B.

13.     Tomofun does not have a license or other authorization from DoggyPhone to make, use, sell, offer for sale, or import the Accused Products.

14.     By the foregoing acts, Tomofun has directly infringed and continues to directly infringe the 696 Patent under 35 U.S.C. § 271(a). On information and belief, Tomofun has also indirectly infringed under 35 U.S.C. §§ 271(b)–(c).

15.     Tomofun's infringement has injured and continues to injure DoggyPhone. DoggyPhone has suffered damages in an amount to be proven at trial, and it has suffered and will continue to suffer irreparable harm without adequate remedy at law absent injunctive relief.

16.     **Willfulness.** On information and belief, Tomofun has had knowledge of the 696 Patent and of its infringement since at least October 2023. DoggyPhone provided written and verbal notice, including an email exchange in October 2023, identifying the 696 Patent and the Accused Products. Despite this notice, Tomofun has continued its infringing conduct, in willful disregard of DoggyPhone's patent rights.

COMPLAINT - 4
Civil Action No. 26-cv-243
DAVS-6-1006 P001 CMP

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

## V.    PRAYER FOR RELIEF

DoggyPhone respectfully requests that the Court enter judgment in its favor and grant the following relief:

A.    A judgment that Tomofun has infringed the 696 Patent.

B.    Preliminary and permanent injunctions enjoining Tomofun from making, using, importing, offering to sell, or selling the Accused Products, and from inducing or contributing to infringement of the 696 Patent.

C.    An award of damages adequate to compensate DoggyPhone for infringement, in no event less than a reasonable royalty, together with pre- and post-judgment interest and costs.

D.    Treble damages for willful infringement under 35 U.S.C. § 284.

E.    A finding that this is an exceptional case under 35 U.S.C. § 285 and an award of DoggyPhone's reasonable attorney's fees.

F.    Such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED January 22, 2026.

s/ David A. Lowe, WSBA No. 24453
Lowe@LoweGrahamJones.com
LOWE GRAHAM JONES<sup>PLLC</sup>
1325 Fourth Avenue, Suite 1130
Seattle, WA 98101
T: 206.381.3303

Attorneys for DoggyPhone, LLC

LOWE GRAHAM JONES<sub>PLLC</sub>

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301